**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) SAVITABEN PATEL, | ) | |
| (2) ISHVERBHAI PATEL | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | Case No.:  19-cv-00447-TCK-JFJ |
| vs. | ) | |
| . | ) | |
| (1) UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**TAXPAYER'S PETITION TO QUASH FORMAL DOCUMENT REQUESTS**

Petitioners Ishverbhai Patel and Savitaben Patel (together the "Taxpayer"), by and through their counsel, Andrew A. Shank and Sloane Ryan Lile of Eller & Detrich, P.C., request pursuant to 26 U.S.C. § 982 (c) that this Court grant this Petition to Quash the Formal Document Requests issued by the United States of America's Department of Treasury, Internal Revenue Service ("IRS") to the Taxpayer, both dated May 14, 2019 ("Petition to Quash").  Copies of the Formal Document Requests ("FDRs") are attached as Exhibits 1 and 2.  The FDR at Exhibit 1 is directed at Ishverbhai Patel and the FDR at Exhibit 2 is directed at Savitaben Patel.  Both of the FDRs attached as exhibits are otherwise identical.  The Petitioners file their taxes jointly.  Therefore, this Petition serves to quash both of the identical FDRs described herein.

**Introduction**

The IRS has served FDRs on the Taxpayer.  This is the second set of FDRs served on the Taxpayer.  The Taxpayer filed a Petition to Quash the first set of FDRs served on the Taxpayer, and the IRS agreed to reissue the FDRs with a smaller scope.  This Petition seeks to quash the reissued FDRs.

An FDR is an extraordinary measure available under limited circumstances not present in this case.  It is used when documents outside of the United States are sought by the IRS and previously issued Information Document Requests ("IDRs") remain in substantial non-compliance without reasonable cause for the failure.  The ultimate consequence of a failure to comply with an FDR is an order prohibiting the introduction by the Taxpayer of any foreign-based documentation covered by the FDR in their defense.  *See* FDR, Exhibit 1 at 1; *see also* 26 U.S.C. § 982(a).

The FDRs are fatally flawed because they both seek information other than documents and correspondence protected by attorney-client privilege—exceeding the statutory limits of 26 U.S.C. § 982.  As a result of this deficiency, this Court should quash the FDRs.  The FDRs also request substantial documents that are already in the possession of the government.  Moreover, the IRS bears the burden to demonstrate that the FDRs are compliant and enforceable.  *See U.S. v. Powell*, 379 U.S. 48 (1964).  Because the FDRs are identical and relate to both of the Petitioners, this Petition serves to Quash both FDRs issued to the Taxpayer.

### Parties

1.  Ishverbhai Patel and Savitaben Patel are U.S. residents domiciled in Tulsa, Oklahoma and are the recipients of the FDR, Exhibit 1 and FDR, Exhibit 2, both dated May 14, 2019.

2.  Respondent is the United States of America, Department of Treasury, Internal Revenue Service. The IRS issued the FDRs at issue.

### Jurisdiction and Venue

3.  This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.  Venue is proper pursuant to Internal Revenue Code ("IRC") § 982 because the Taxpayer from whom the documents are sought resides or is found in the Northern District of Oklahoma.

## Background Facts

4. The FDRs are dated May 14, 2019.  Pursuant to IRC 982(c)(2), a motion to quash must be filed by the 90th day after such FDR is mailed.  Thus, Petitioners have filed a timely pleading.

5. The FDRs are the second set FDRs received by the Taxpayer from the IRS.  The Taxpayer filed a Petition to Quash the first FDRs on May 1, 2019, and the IRS subsequently agreed to reissue the FDRs.  This Petition seeks to quash the reissued FDRs.

6. The FDRs seek to create reports, statements, and information that are not already in existence.  These sorts of requests are beyond the scope of an FDR.

7. The FDRs also seek correspondence that is the subject of attorney-client privilege.

8. On May 14, 2019 the IRS issued the FDRs that are the subject of this Petition.  Both FDRs attached a new IDR request shown in Exhibit 1, at 3–8 and Exhibit 2, at 3–8.  The IDRs for both FDRs are also identical.  No other letters or communications have limited the FDRs' requests based on the documents requested in the IDR.

## Legal Argument

The FDRs issued to the Taxpayer are fatally flawed and should be quashed because they seek information outside the statutory limitation for requesting documents pursuant to IRC § 982. The FDRs request "the documents shown on Form 4564, Information Document Request" that the IRS attached with the FDRs. *See* FDR, Exhibit 1; FDR, Exhibit 2.  The attached IDR is dated May 14, 2019, the same day as the FDRs.  *See* FDR, Exhibit 1, at 3; FDR, Exhibit 2, at 3.  Thus, it seems that the IRS is requesting **all** of the documents listed on the IDRs under the authority of the FDRs.

For the purposes of IRC § 982, a "formal document request" is:

any request (made after the normal request procedures have failed to produce the requested documentation) for the production of foreign-based documentation which is mailed by registered or certified mail to the taxpayer at his last known address and which sets forth—

(A) the time and place for the production of the documentation,

(B) a statement of the reason the documentation previously produced (if any) is not sufficient,

(C) a description of the documentation being sought, and

(D) the consequences to the taxpayer of the failure to produce the documentation described in subparagraph (C).

*See Flying Tigers Oil Co. v. Commissioner*, 92 T.C. 1261, 1265 (*citing* 26 U.S.C. § 982(c)(1)).

The term "foreign based documentation" means any documentation located outside the United States that may be relevant or material to the tax treatment of the examined item. IRC § 982(d)(1). Further, the term "documentation" includes books and reports. IRC § 982(d)(2). But nothing in section 982 allows for an FDR to compel production of documents not currently in existence or correspondence that is the subject of attorney-client privilege. *See generally* IRC § 982.

The IRS in the current case has created a new IDR and attached it to the FDRs. Considering that the IDRs attached to the FDRs at issue were created on the same day, it is clear that the IRS seeks to compel the production of **all** the requests made by the IDR under the authority of the FDRs. *Cf. VEG Corp. v. United States*, No. 2:17-cv-02893-JCM-NJK, 2018 U.S. Dist. LEXIS 126804, at *11–16 (D. Nev. July 30, 2018) (holding that the FDR did not seek to compel certain documents listed on the IDRs because the FDR attached a number of **old IDRs** that contained other non-applicable requests and the IRS sent a letter to the taxpayer limiting the effect of the

FDR to only certain requests on the attached IDRs) (emphasis added).  The IRS has not attached

old IDRs to the FDRs.  Instead, the IRS has created a new IDR that the FDRs seeks to specifically

compel in its entirety.  *See* FDR, Exhibit 1, at 1, 3–8; FDR, Exhibit 2, at 1, 3–8.

In the current case, the IDR, and by incorporation the FDRs, seeks to compel production

of documents not currently in existence and correspondence that is the subject of attorney-client

privilege—For example:

> 1.     For the period December 1, 2010 through July 31, 2017, provide all monthly
> and annual statements of any account at any foreign bank . . . For each foreign
> account, produce all documents in either taxpayer's possession, custody and control,
> including, but not limited to:
>
> > . . .
>
> > s.   All files reflecting communications with either taxpayer or with any
> > person or entity on either taxpayer's behalf.
>
> 3.     For the period December 1, 2010 through July 31, 2017, for any transfers
> of funds to or from any foreign bank or foreign financial account under any name . . .
> provide the following:
>
> > . . .
>
> > b.   Copies of all advice and correspondence relating to such transfer
>
> 5.     For the period December 1, 2010 through July 31, 2017, for any foreign
> brokerage account . . . provide the following:
>
> > a. All periodic (including monthly and annual) account statements or
> > summaries.

IDR attached to FDR, Exhibit 1, at 3–5.  IDR attached to FDR, Exhibit 2, at 3–5.

The "documents" requested by subsection five of the excerpt above do not currently exist.

The Petitioners have attached true and correct copies of correspondence with the Petitioners'

foreign brokerage evidencing that certain requested statements do not currently exist.  *See* Exhibit

3; Exhibit 4.  Prior to 2016, this foreign brokerage did not make periodic account statements or

summaries available to the Petitioners.  *See* Exhibit 3; Exhibit 4.  The foreign financial institution

is still working to create such reports, as indicated in Exhibit 3 and Exhibit 4.

Further, the requests in the IDR pertaining to advice or correspondence with the taxpayer

or person or entity acting on the Petitioners' behalf involve information that may be the subject of

attorney-client privilege and are, thus, outside the scope of IRC § 982.  The IRS cannot request

documents protected by attorney-client privilege unless some exception to privilege applies.  *See*

*United States v. Zolin*, 491 U.S. 554, 562 (1989).

Accordingly, IRC § 982 does not cover this type of information.  *See generally* IRC § 982.

Further, the IRS has not limited the FDRs to "certain delineated document requests sought in the

IDRs."  *See VEG Corp. v. United States*, No. 2:17-cv-02893-JCM-NJK, 2018 U.S. Dist. LEXIS

126804, at *12 (D. Nev. July 30, 2018) (internal quotations omitted).  The FDRs have requested,

by reference to the attached IDR, other information outside the scope of IRC § 982.

Lastly, I.R.C. § 982 violates the due process rights of the Taxpayer provided by the

Fourteenth Amendment, along with other constitutional rights.  The subsequent limitation on the

Taxpayer's ability to submit evidence in response to an examination of the tax treatment of any

item imposed by I.R.C. § 982 deprives the Taxpayer of liberty and property without due process

of law.  Thus, this Court should quash the FDRs because they are statutorily improper and I.R.C.

§ 982 is unconstitutional.

### Conclusion

The FDRs seek information outside the statutory limits of 26 U.S.C. § 982. Thus, the

Taxpayer's Petition to Quash Formal Document Requests should be granted.

Dated: August 12, 2019.                    Respectfully submitted,


                                           **ELLER & DETRICH**
                                           *A Professional Corporation*

                                           By:    /s/ Andrew A. Shank
                                                  Andrew A. Shank, OBA # 22298
                                                  Sloane Ryan Lile, OBA # 21342
                                                  2727 E. 21st Street, Suite 200
                                                  Tulsa, OK 74114
                                                  (918) 747-8900 Phone
                                                  ashank@ellerdetrich.com
                                                  slile@ellerdetrich.com

                                           ATTORNEYS FOR PETITIONERS
                                           ISHVERBHAI AND SAVITABEN PATEL